# MEMO ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/06

## HARTMAN & CRAVEN LLP

488 MADISON AVENUE
NEW YORK, N.Y. 10022

TEL: (212) 753-7500
FAX: (212) 688-2870
WWW.HARTMANCRAVEN.COM

**Edward A. White, Partner**
Direct Line: (212) 754-6911
ewhite@hartmancraven.com

October 11, 2006

**By E-Mail**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

RECEIVED
OCT 13 2006
JUDGE KAPLAN'S CHAMBERS

> **Re:    Commodity Futures Trading Commission v. Abbas A. Shah and**
> **Linuxor Asset Management, LLC**
> **Case No. 05-CV-8091**

Dear Judge Kaplan:

On behalf of Defendants, Abbas A. Shah and Linuxor Asset Management, LLC, and with the consent of David Acevedo, counsel for Plaintiff, I am writing to request a stay of this action pending the resolution of certain arbitration proceedings under the National Futures Association ("NFA").

The NFA arbitrations are actually three related proceedings, entitled <u>McCarthey Investments LLC v. Linuxor Asset Management, LLC, Linuxor Capital Management, LLC, Abbas A. Shah and Adam Bornstein</u>, NFA Case No. 05-ARB-107, <u>JFM Holdings L.P. v. Linuxor Asset Management, LLC, Linuxor Capital Management, LLC, Abbas A. Shah and Adam Bornstein</u>, NFA Case No. 05-ARB-132, and <u>2001 Jane F. MCarthey Grat No. 5 v. Linuxor Asset Management, LLC, Linuxor Capital Management, LLC, Abbas A. Shah and Adam Bornstein</u>, NFA Case No. 05-ARB-133, which will be heard by the arbitrators on November 30 and December 1, 2006. These arbitration proceedings were brought by Philip McCarthey, who invested in the commodity pool at issue in this case with funds from three separate entities owned and controlled by him. The NFA requires such claims to be brought separately.

Defendants seek this stay because the arbitrations and the case at bar involve identical facts and substantially similar legal issues. Whereas the CFTC brought suit in the action at bar seeking restitution for all of the investors and civil penalties, one investor (whose three investments comprised the vast majority of the total investment in the commodity pool) has sought recourse for the same alleged wrongdoing through the NFA arbitrations.

HARTMAN & CRAVEN LLP

In recent settlement discussions, Mr. Acevedo and I agreed that, because the cases are similar, a resolution of the NFA proceeding would likely lead to a settlement of the case at bar.

With this in mind, Defendants respectfully submit that allowing this action to proceed simultaneously with the NFA arbitration proceedings would be impractical. Moreover, Defendants wish to avoid the considerable and potentially prohibitive expense of defending against both the arbitrations and this action, which have nearly depleted Defendants' limited financial resources.

For these reasons, Defendants, with Plaintiff's consent, seek a stay of this action pending the resolution of the NFA arbitrations.

If, however, the Court chooses not to grant Defendants this stay, I would like to alternatively request permission to take the deposition of Phillip Egger on November 7, 2006, or, instead, to take his telephonic deposition on October 25, 2006. The Court had previously ordered that Mr. Egger's deposition must be completed by October 15, 2006.

Defendants have finally located and served a subpoena upon Mr. Egger, who resides in the State of Washington; however, Mr. Egger's attorney has notified us that Mr. Egger will be out of the country until November 7, 2006 and unavailable for a telephone interview until October 24-25, 2006.

The deposition of Mr. Egger, whom Defendants believe to be an essential non-party witness, is the final piece of discovery in this case. Mr. Egger produced documents pursuant to the subpoena, which indicate that he may have knowledge about the facts underlying this case which have not yet been uncovered. Defendants anticipate that this final deposition will lead to a better understanding of the facts and also, hopefully, to a settlement of this matter.

Therefore, Defendants respectfully request, if the Court does not stay this action, that Defendants be permitted to conduct Mr. Egger's deposition either telephonically on October 25, 2006, or in person in Seattle on November 7, 2006.

Thank you for your attention to this matter.

Very truly yours,

Edward A. White

MEMO ENDORSED

Application for relief requested by application

SO ORDERED

LEWIS A. KAPLAN, USDJ  10/?/06

cc:    Mr. David Acevedo, Esq.
       Chief Trial Attorney
       Commodity Futures Trading Commission
       Division of Enforcement
       140 Broadway, 19th Floor
       New York, New York 10005

G:\30002\300\CFTC\Kaplan ltr 10.5.06.doc          2