Edward White (EW-0368)
Hartman & Craven LLP
488 Madison Avenue, 16th Floor
New York, New York 10022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>             Plaintiff,<br><br>     v.<br><br>Abbas A. Shah and Linuxor Asset Management, LLC<br><br>             Defendants. | 05 CIV 8091 LAK<br>ECF CASE<br><br>Judge Kaplan |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, upon the annexed Memorandum of Law and Declaration of Abbas A. Shah, dated October 20, 2006, and upon all prior pleadings and proceedings had herein, Defendants, Abbas A. Shah and Linuxor Asset Management, LLC, will move this Court, in Courtroom 12D at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, for an Order granting an extension of time to depose a third-party witness and granting a stay of all deadlines and proceedings herein, together with such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that answering papers are demanded ten days after service, pursuant to Local Civil Rule § 6.1(b).

|  |  |
|---|---|
| **Dated**: New York, New York<br>October 20, 2006 | **HARTMAN & CRAVEN LLP**<br>Attorneys for Defendants<br><br>By: s/Edward A. White<br>    Edward A. White (EW-0368)<br><br>A Member of the Firm<br>488 Madison Avenue<br>New York, New York 10022<br>Tel. No. 212/753-7500 |

**TO:**  Mr. David Acevedo, Esq.
      Chief Trial Attorney
      Commodity Futures Trading Commission
      Division of Enforcement
      140 Broadway, 19th Floor
      New York, New York  10005

Edward White (EW-0368)
Hartman & Craven LLP
488 Madison Avenue, 16th Floor
New York, New York 10022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) | 05 CIV 8091 LAK |
|  | ) | ECF CASE |
| Plaintiff, | ) |  |
|  | ) | Judge Kaplan |
| v. | ) |  |
|  | ) |  |
| Abbas A. Shah and Linuxor Asset Management, LLC, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**MOTION FOR PERMISSION TO CONDUCT
THE DEPOSITION OF A NON-PARTY WITNESS
AND FOR A STAY OF ALL PROCEEDINGS THEREAFTER**

This motion is respectfully submitted on behalf of the defendants, **ABBAS A. SHAH and LINUXOR ASSET MANAGEMENT, LLC** (together, "Defendants"), seeking an extension of time to conduct the deposition of Phillip Egger, a non-party witness, and a stay of all proceedings in this action pending the resolution of certain related arbitration proceedings under the National Futures Association ("NFA").

David Acevedo, counsel for plaintiff, **COMMODITY FUTURES TRADING COMMISSION** ("Plaintiff"), has indicated that he does not oppose any part of this motion.

**The Deposition of Phillip Egger**

Defendants seek permission to take the deposition of Phillip Egger ("Mr. Egger"), a non-party witness, on November 7, 2006, either telephonically or in person. The Court had previously ordered that Mr. Egger's deposition be completed by October 15, 2006.

On October 11, 2006, Defendants submitted via e-mail a letter to Judge Kaplan requesting the relief sought herein, and were told, on October 13, 2006, that applications for such relief must be made by motion.

Defendants have diligently attempted to locate and depose Mr. Egger by the October 15th deadline but were ultimately unable to do so. On September 28, 2006, Defendants were finally able to track down and serve a subpoena upon Mr. Egger, who resides in the State of Washington; however, Mr. Egger's attorney notified Defendants that Mr. Egger will be out of the country until November 7, 2006 and unavailable for a telephone interview until October 24, 2006.

The deposition of Mr. Egger, whom Defendants believe will be an essential non-party witness, is the only remaining piece of discovery in this case. Mr. Egger has already produced documents pursuant to the subpoena, which indicate that he has knowledge of the facts underlying this case which have not yet been uncovered. Defendants anticipate that this final deposition will lead to a better understanding of the facts and, possibly, to a settlement of this matter.

Therefore, Defendants respectfully request permission (which Plaintiff does not oppose) to conduct Mr. Egger's deposition either telephonically or in person in Seattle on November 7, 2006.

**The Stay**

Defendants additionally seek a stay of all deadlines in this action pending the resolution of certain NFA Arbitration proceedings. Assuming Defendants are permitted to depose Mr. Egger as requested, Defendants ask that this stay be instituted immediately thereafter. Counsel for Plaintiff has indicated that he does not oppose this proposal.

The NFA arbitrations at issue are actually three related proceedings, entitled McCarthey Investments LLC v. Linuxor Asset Management, LLC, Linuxor Capital Management, LLC, Abbas A. Shah and Adam Bornstein, NFA Case No. 05-ARB-107, JFM Holdings L.P. v. Linuxor Asset Management, LLC, Linuxor Capital Management, LLC, Abbas A. Shah and Adam Bornstein, NFA Case No. 05-ARB-132, and 2001 Jane F. MCarthey Grat No. 5 v. Linuxor Asset Management, LLC, Linuxor Capital Management, LLC, Abbas A. Shah and Adam Bornstein, NFA Case No. 05-ARB-133, which will be heard by the arbitrators beginning on November 30 and December 1, 2006.[1] The parties to the NFA arbitrations expect that at least two additional dates will be required to complete the proceedings, which should be scheduled in January 2007.

Defendants respectfully submit that a stay of all proceedings in this action pending the outcome of the NFA arbitrations is the most orderly way to proceed, as the arbitrations and the case at bar involve identical facts and substantially similar legal issues. Whereas the CFTC brought suit in the action at bar seeking restitution for all of the investors and civil penalties, one investor (whose three investments comprised the vast majority of the total investment in the commodity pool) has sought recourse for the same alleged wrongdoing through the NFA arbitrations.

---

[1] These arbitration proceedings were brought by one individual, Philip McCarthey, who invested in the commodity pool at issue with funds from three separate entities owned and controlled by him. The NFA requires claims arising from different accounts to be brought separately.

In recent settlement discussions, the parties hereto agreed that, because the cases are similar, a resolution of the NFA proceedings would likely lead to a settlement of the case at bar. Additionally, Defendants believe that the NFA arbitrations will definitively resolve many of the key issues in this action, including disputed facts such as the authenticity of certain crucial communications, and the disputed presence of specific elements of Plaintiff's fraud claims, including justifiable reliance and damages. Once these issues are argued and decided in the arbitration proceedings, Defendants will be bound thereto, which will inevitably lead to either a settlement between the parties in this action or to a more efficient and expeditious trial.

With this in mind, Defendants respectfully submit that allowing this action to proceed simultaneously with the NFA arbitration proceedings would be impractical. Moreover, Defendants wish to avoid the considerable and potentially prohibitive expense of simultaneously defending against both the arbitrations and this action, which have already nearly depleted Defendants' limited financial resources. See Declaration of Abbas A. Shah, dated October 20, 2006, submitted herewith.

Defendants anticipate, based on scheduling discussions with the NFA Case Administrator, that the NFA hearings will be completed by the end of January 2007. The parties may then have the opportunity to submit post-trial briefs to the Panel. Pursuant to the NFA Code of Arbitration ¶ 6059.1(a), the Panel is required to issue its decision within thirty days after the record is closed. Thus, Defendants expect a decision in the NFA proceedings no later than the middle of March 2007.

In this action, the joint pretrial order filing deadline is currently scheduled for October 31, 2006. This is also the last day on which the parties may file summary judgment motions. Based on the NFA schedule, Defendants request that the parties be permitted to hold a

status conference on March 27, 2007, and that the deadline for filing the joint pretrial order and for making dispositive motions be adjourned to April 17, 2007.

## Conclusion

WHEREFORE, Defendants, Abbas A. Shah and Linuxor Asset Management, LLC, respectfully request that the Court issue an Order:

(a) permitting Defendants to depose Phillip Egger on November 7, 2006;

(b) staying all proceedings in this action pending the resolution of the NFA arbitrations; and

(c) for such other and further relief that this Court may deem just and equitable.

Dated: New York, New York
       October 20, 2006

**HARTMAN & CRAVEN LLP**
Attorneys for Defendants

By: s/Edward A. White
    Edward A. White (EW-0368)

A Member of the Firm
488 Madison Avenue
New York, New York 10022
Tel. No. 212/753-7500

Edward White (EW-0368)
Hartman & Craven LLP
488 Madison Avenue, 16th Floor
New York, New York 10022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Commodity Futures Trading Commission,   )   05 CIV 8091 LAK
                                        )   ECF CASE
                    Plaintiff,          )
                                        )   Judge Kaplan
        v.                              )
                                        )   **DECLARATION OF**
Abbas A. Shah and Linuxor Asset Management, LLC,   )   **ABBAS A. SHAH IN**
                                        )   **SUPPORT OF**
                    Defendants.         )   **DEFENDANTS' MOTION**
_____)

ABBAS A. SHAH, under penalty of perjury pursuant to 28 U.S.C. §1746, hereby declares:

1. I am an individual defendant and reside in New York, New York.

2. At all times relevant, I was a principal of defendant, Linuxor Asset Management, LLC, a Delaware limited liability company. Hereinafter, I shall refer to Linuxor Asset Management, LLC and myself collectively as "Defendants."

3. I respectfully submit this declaration in support of Defendants' motion for an Order: (1) extending Defendants' time to conduct the deposition of Phillip Egger, a non-party witness, and (2) staying all proceedings in this action pending the resolution of certain related arbitration proceedings under the National Futures Association ("NFA").

4. I am fully familiar with the facts and pleadings underlying this action as well as the NFA proceedings, and I make this declaration based on personal knowledge.

5. As stated in Defendants' Memorandum of Law filed herewith, Defendants seek this stay in part because we wish to avoid the considerable and potentially prohibitive expense of simultaneously defending against both the arbitrations and this action.

6. Moreover, this action seems very likely to settle depending on the outcome of the arbitration, so a trial of this action might be avoided. If I lose the arbitration there will be little point in continuing to fight the instant case. If I win the arbitration it will be more likely that this case will settle on terms I can afford.

7. My finances, which were limited to begin with, have been nearly depleted from expenses incurred in defending these two proceedings, making it necessary for me to borrow funds to continue to pay my attorneys' already long overdue fees.

8. I have nearly exhausted all of the resources available to me, and now, with two separate proceedings running concurrently, one of which potentially involves five hearing dates scheduled between the end of November 2006 and the end of January 2007, I am facing the very real possibility that I will not be able to afford to present my defense and clear my name.

9. I believe that if this action is stayed pending the outcome of the NFA arbitration proceedings so that they are tried serially, rather than concurrently, I may be able to continue to earn a living and be able to fund my defense in both proceedings.

10. I simply cannot devote all of my time and resources to defending both at once, while still trying to earn a living and support my family.

11. It may be of note that I am no longer working in the commodities trading industry, nor do I have any intent to do so prior to the disposition of this case by this Court.

12. Thus, no harm could possibly result to Plaintiff from issuing a stay in this action, and, in fact, Plaintiff has indicated that they have no objection to this stay.

13. WHEREFORE, Defendants respectfully request that their Motion be granted.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2006.

_____
Abbas A. Shah