UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, Plaintiff, <br><br> v. <br><br> ABBAS A. SHAH and LINUXOR ASSET MANAGEMENT LLC., Defendants. | 05-CV-8091 (LAK) <br><br> ECF CASE <br><br> LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ABBAS A. SHAH, ET. AL. |

Pursuant to Local Rule 56.1, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") submits this statement of material facts as to which Plaintiff contends there is no genuine issue to be tried, in support of Plaintiff's motion for summary judgment against Defendant Abbas A. Shah ("Defendant Shah" or "Shah") and Defendant Linuxor Asset Management LLC ("Defendant Linuxor" or "Linuxor") (collectively, the "Defendants").

### I. Background

On September 19, 2005, the CFTC filed a complaint against Defendants Shah and Linuxor, alleging that they violated sections 4b(a)(2)(i)-(iii) and 4o(1) of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. §§ 6b(a)(2)(i)-(iii) and 6o(1) (2002). Defendant Linuxor is additionally charged with violating CFTC Regulations 4.7(b)(2), 17 C.F.R. § 4.7(b)(2) and 4.20(c), 17 C.F.R. § 4.20(c) ("Regulations"). Pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b), Shah, acting as a controlling person of Defendant Linuxor, a Commodity Pool Operator ("CPO"), is responsible for Linuxor's violations.

## II. UNDISPUTED MATERIAL FACTS

1. Defendant Shah is a resident of New York, New York. *See* Plaintiff's Complaint ("Complaint") (Designated as Exhibit A) ¶ 14, Defendant's Answer ("Answer") (Designated as Exhibit B) ¶ 14.

2. Shah received a B.S. from Columbia University in Biology and with a concentration in Economics. *See* Shah Resume ("Resume") (Designated Exhibit C), *See also* Shah Deposition ("Shah Depo.") page 6 (Designated Exhibit D as are all references to the Shah Deposition), lines 12 – 25.

3. Shah at various times, worked for Deutsche Bank, UBS Securities, and Lehman Brothers - all in New York, NY. At UBS he was Head of the U.S. Zero Strips Desk, responsible for managing a multi-billion dollar book of Zero Coupon and longer-dated U.S. Treasury Securities. At Lehman Brothers he held a similar position managing their multi-billion dollar zero coupon and longer-dated U.S. Treasury Securities. See Resume, *See also* Shah Depo. page 14, lines 7 – 25 and page 15, lines 2 – 13.

4. In the fall of 2001, Shah formed Linuxor Asset Management to act as the commodity pool operator ("CPO") of the commodity pool. *See* Complaint ¶ 24, Answer ¶ 24.

5. Defendant Linuxor is a Delaware limited liability company with its principal place of business at 20 Exchange Place, 45th floor, New York NY 10005, *See* Complaint ¶ 15, Answer ¶ 15.

6. Since 2001, Defendant Shah is the principal, owner and registered associated person ("AP") of Defendant Linuxor, the registered CPO. Defendant Linuxor operated

2

Linuxor Global Macro Fund LP, a commodity pool (the "pool"). *See* Complaint ¶ 1, Answer to Complaint ("Answer") ¶ 1.

7. Defendant Linuxor is the general partner of the pool. *See* Complaint ¶ 15, Answer ¶ 15.

8. The pool began trading commodity futures in March 2002. *See* Complaint ¶ 27, Answer ¶ 27.

9. Shah initially solicited four pool participants; one individual who invested $300,000 and three affiliated pool participants who shared a common representative (the "McCarthey pool participants") who collectively invested $11.5 million, making the total invested for these pool participants $11.8 million. *See* Complaint ¶ 25, Answer ¶ 25.

10. Defendant Linuxor received pool participant funds in the account named Linuxor Capital Management, not Linuxor Asset Management. *See* Complaint ¶ 7, Answer ¶ 7.

11. Shah is a registrant with the National Futures Association ("NFA"). *See* Shah Depo page 340, lines 14-19.

12. In March 2002, Shah sent written notice to the NFA that Linuxor would be operating under the exemptions of CFTC Regulations 4.7, 17 C.F.R. § 4.7. *See* Complaint ¶ 24, Answer ¶ 24.

13. Shah knew, because of his affiliation with the NFA, he was required to send both quarterly and annual financial reports to pool participants. *See* Shah Depo page 340, lines 14-19.

14. Defendant Linuxor did not send quarterly financial reports to pool participants as required by Regulation §4.7(b)(2), 17 C.F.R. § 4.7(b)(2). *See* Complaint ¶ 2, Answer ¶ 2, Complaint ¶ 28, Answer ¶ 28. *See* Shah Depo. page 310, lines 3 – 21, page 339, lines 24 - 25 and page 340, lines 2 - 19.

15. In August or September 2002, the pool, according to Shah, had suffered losses of approximately 30 percent or $3.5 million. *See* Complaint ¶ 29, Answer ¶ 29.

16. Defendant Linuxor sent out the 2002 Annual Report to pool participants late. *See* Complaint ¶ 2, Answer ¶ 2. *See* Shah Depo. page 340, lines 23 – 25 and page 341, lines 2 – 5.

17. Actually, the 2002 Annual Financial Report was not sent to pool participants until August 2003. *See* Shah Depo. page 340, lines 24 – 25 and page 341, lines 2 – 5.

18. Shah knew that almost all of the assets in the pool were invested by the McCarthey pool participants. *See* Shah Depo. page 383, lines 9 – 15.

19. The 2002 Annual Report, sent August 2003, showed that the pool had lost almost $5.1 million by the end of 2002. *See* Complaint ¶ 31, Answer ¶ 31. *See* Shah Depo. page 340, lines 24 – 25 and page 341, lines 2 – 5.

20. On August 25, 2003, Shah sent an e-mail to the McCarthey pool participants' representative wherein Shah stated, in pertinent part, "we have thus far recovered more than half of the capital loss and if we continue at this pace we hope that we will have not only recovered all of the capital loss but there is a good likelihood that we will be positive as far as returns since inception are concerned." *See* Complaint ¶ 32, Answer ¶ 32. *See also* Shah email dated August 25, 2003 (Designated as Exhibit E). *See also* Shah Depo. page 343 - 345.

21. Shah admitted to sending the August 25, 2003 email and admitted that the email content was correct. *See* Shah Depo. page 344, line 5 – 25, page 345, line 2 – 24.

22. Shah said that the "proper context" of the August 25, 2003 email was limited to "futures and options positions that were carried from 2002 to 2003 and whether those positions had been unwound profitable or not ...." *See* Shah Depo. page 345, lines 5 – 13.

23. When asked whether the pool had suffered further losses since the beginning of 2002 of approximately $2.5 million, Shah never denied and instead responded that he did not recall. *See* Shah Depo. page 345, line 25, page 346, lines 2 – 5.

24. For the period ending December 31, 2002, the net asset value of the pool was $6,591,530. *See* Citco Net Asset Value Statement Ending 12/31/2002 (Designated as Exhibit F).

25. For the period ending August 31, 2003, the net asset value of the pool was $3,754,708. *See* Citco Net Asset Value Statement Ending 8/31/2003 (Designated as Exhibit G).

26. Defendant Shah sent an email to the McCarthey pool participant representative on January 30, 2004 at 10:08 pm which reads in pertinent part:

> **Your account balance as of 12/30/03 was approximately:**
> **$8,095,000**
> **Realized $6,500,000**
> **Unrealized $1,595,000**

*See* Shah Depo. page 373, lines 7 – 25, pages 374 – 376, and page 377, lines 2 – 13. *See also* Shah email dated January 30, 2004 (Designated as Exhibit H).

5

27. Shah admitted that he knew as early as a few months after January 2004 that the pool was worth only $4 million and not the $8 million he reported to the McCarthey pool participants in January 2004. *See* Shah Depo. page 399, lines 2 – 23.

28. Shah never corrected, in writing, the $4 million discrepancy to the McCarthey pool participants. *See* Shah Depo. page 384, lines 2 – 25, page 385, lines 2, 3.

29. As the sole principal of Linuxor and the sole trader for the pool, Shah admitted that he had a firm grasp on how the pool was doing and that he knew what the fund was worth on any given day. *See* Shah Depo. page 380, lines 2 – 16, page 410, lines 3 – 25 and page 411, lines 2 – 7.

30. In the spring of 2004, the McCarthey pool participants were the last pool investors to receive their distributions and received approximately $4 million. *See* McCarthey Deposition page 72, lines 13 – 25, page 73, lines 2, 3 (Designated as Exhibit I).

31. The NFA filed a complaint before its Business Conduct Committee against Defendants Linuxor and Shah, both NFA members, for violations of NFA rules. *See* Shah Depo. page 394, lines 11 – 13.

32. The NFA conducted an arbitration brought by the McCarthey pool participants, as claimants, against Defendants Shah and Linuxor which concluded on March 5, 2007, and resulted in a restitution award of $9,326,147 ($7,497,109 in compensatory damages and $1,829,038 in interest). *See* NFA Arbitration Award Documents (Designated as Exhibit J).

Dated: New York, New York
      September 18, 2007

                        U.S. COMMODITY FUTURES TRADING
                        COMMISSION

                        _____/s/_____
                        David Acevedo [DA-0388]
                        Stephen J. Obie [SO-5502]
                        Michael R. Berlowitz [MB-7615]
                        Division of Enforcement
                        U.S. Commodity Futures Trading Commission
                        140 Broadway, 19th Floor
                        New York, New York 10005
                        Ph. (646) 746-9754
                        Fax (646) 746-9940
                        dacevedo@cftc.gov