UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

-against-                                                         05 Civ. 8091 (LAK)

ABBAS A. SHAH, et ano.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Plaintiff, the Commodity Futures Trading Commission ("CFTC"), filed this action against Abbas Shah and Linuxor Asset Management LLC ("Linuxor"), alleging violations of Sections 4b(a)(2)(i)-(iii) and 4*o*(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6b(a)(2)(i)-(iii), 6*o*(1), and CFTC Regulations 4.7(b)(2)-(3)[1] and 4.20(b)-(c), 17 C.F.R. §§ 4.7(b)(2)-(3), 4.20 (b)-(c). Plaintiff seeks a permanent injunction against future violations of these sections and civil penalties for each violation. The matter is before the Court on plaintiff's motion for summary judgment.

      It is uncontroverted that Linuxor did not distribute quarterly financial reports to pool participants and was late in distributing the 2002 Annual Report. Pl. 56.1 St. ¶¶ 14, 16-17; Def. 56.1 St. ¶¶ 14, 16-17. Nor is it in dispute that Shah emailed a pool participant on August 25, 2003 stating that "we have thus far recovered more than half of the capital loss" and on January 30, 2004 misstating the pool's value. Pl. 56.1 St. ¶¶ 20-21, 26; Def. 56.1 St. ¶¶ 20-21; 26. But defendants claim that Shah notified the pool participants of the value of the pool on a nearly daily basis, that the August email was not misleading when read in context, and that the misstatement made in the January email was clarified a few days later. Def. 56.1 St. ¶¶ 13; 14; 19-20. There is a dispute,

[1]    CFTC Regulation 4.7(b)(2)-(3), 17 C.F.R. § 4.7(b)(2)-(3), must be read together with Regulation 4.22(a)-(d), 17 C.F.R. § 4.22(a)-(d), as the former contains exceptions to the reporting requirements of Regulation 4.22. Plaintiff's claim that Linuxor violated Regulation 4.7(b)(2)-(3) therefore must be understood as a claim that Linuxor did not satisfy the requirements of Regulation 4.7(b) and therefore was not excused from the reporting requirements of Regulation 4.22.

therefore, over whether Linuxor's failures to send quarterly and annual reports and Shah's emails were false or misleading and whether defendants acted with the requisite *scienter*. Thus, summary judgment is inappropriate on plaintiff's claims that defendants violated Sections 4b(a)(2)(i)-(iii) and 4*o*(1) of the Act.

There are no genuine issues of material fact with regard to defendants' alleged violations of CFTC Regulations 4.7(b)(2)-(3) and 4.20(b)-(c). Defendants admit that Linuxor did not distribute the required quarterly reports, that it was late distributing the annual report, and that it received pool participant funds in an account named Linuxor Capital Management. Pl. 56.1 St. ¶¶ 10, 14, 16-17; Def. 56.1 St. ¶¶ 10, 14, 16-17. Defendants' assertions that these actions were mistakes and that the pool participants suffered no loss as a result of the actions are immaterial. Defendants' *scienter*, however, is a disputed fact and is material to determining whether a permanent injunction is appropriate and to setting an appropriate civil monetary penalty.

In consequence, plaintiff's motion for summary judgment [docket item 21] is granted as to liability on Counts 3 and 4 and denied in all other respects.

SO ORDERED.

Dated:        February 25, 2008

Lewis A. Kaplan
United States District Judge