UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ABBAS A. SHAH and LINUXOR ASSET MANAGEMENT LLC,  )<br>)<br>Defendants.  )<br>) | 05 CV 8091 (LAK)<br><br>ECF Case |

**DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE THE DEPOSITION OF TODD BRASHEAR**

Defendants Abbas A. Shah and Linuxor Asset Management LLC hereby move *in limine* to exclude the deposition of Todd Brashear ("Brashear") from introduction into evidence at this trial. Brashear's deposition should be excluded because it is inadmissible, irrelevant evidence and Park has not been identified as an expert witness.

**ARGUMENT**

**POINT I**

**THE BRASHEAR DEPOSITION SHOULD NOT BE ADMITTED INTO EVIDENCE**

There is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness. As Judge Learned Hand stated, "[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939). This policy is embodied in Fed. R. Civ. P. Rule 32(a)(4)(E) which refers to

1

the "due regard" to be given "to the importance of presenting testimony of witnesses orally in open court . . ."

Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure provides, with respect to most civil parties and witnesses:

> **Rule 32. Using Depositions in Court Proceedings**
>
> **(a) Using Depositions.**
>
> * * *
>
> **(4)** *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> * * *
>
> **(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

Fed. R. Civ. P. Rule 32(a)(3)(B) has been construed to prohibit the use of deposition testimony if the witness is within 100 miles of the courthouse when the deposition is offered or at any time during the proponent's case when a trial subpoena could have been served:

> It seems to me that a reasonable construction of Rule 32(a)[(3)](B) to facilitate a "just and speedy" result, Fed.R.Civ.P. 1, is to prohibit deposition use at trial if the witness can be readily shown, without significant dispute, to be at a location within 100 miles of the courthouse when the deposition is offered, or at a time during the proponent's case when a trial subpoena could have been served.

*SCM Corp. v. Xerox Corp.*, 77 F.R.D. 16, 18 (D.C. Conn. 1977). The 100 mile radius provision is derived from Fed. R. Civ. P. Rule 45(b)(2), which provides that a subpoena can be issued to a non-party within a 100 miles of the place of deposition.

However, the United States' subpoena power extends beyond the 100 mile radius – it is nationwide:

15 U.S.C. § 23 provides:

**§ 23. Suits by United States; subpoenas for witnesses**

In any suit, action, or proceeding brought by or on behalf of the United States subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district: *Provided*, That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown.

Thus, the availability of nationwide service of process allows the United States to serve a subpoena anywhere in the country is prohibited from using the deposition testimony of a witness who is in the United States of America when the deposition is offered or at any time during its case when a trial subpoena could have been served.

Here, the United States, i.e. the Commodity Futures Trade Commission ("CFTC"), identified Brashear as a witness in the Joint Pre-Trial Order.  Less than ten days before the trial, the CFTC informed defendants' attorneys Charles Manuel and Kimberly Grotell that Brashear would testify in person.  Then, last Thursday, *four days* before the commencement of this trial, the CFTC stated that Brashear would not be available because he is on vacation in Europe, conveniently outside of the CFTC's nationwide service power.[1]

This last-minute tactic has deprived defendants of the opportunity to cross-examine Brashear on the stand.  This is especially prejudicial to defendants, because at the time the deposition was taken, certain issues that now have been asserted by the CFTC (which were never raised in the complaint or the pre-trial order, and to which defendants object) – such as the NAV "issue" and the "15% downside issue" – had not arisen.  The CFTC should not be allowed to

---

[1] We note that the CFTC, as the proponent of the deposition testimony, has the burden to prove the witness's absence and the reasons why that absence was so belatedly disclosed. *Maroney v. Aman*, 565 N.W.2d 70, 76 (S.D. 1997) ("Pursuant o SDCL 19-16-30, Maroney had the burden of showing that Lundgren was unavailable to testify at the hearing.")  That burden clearly has not been met.

take advantage of the last-minute absence of a witness and then be allowed to offer the witness's deposition in its place. This tactic is strictly prohibited by Fed. R. Civ. P. Rule 32(a)(4)(B) and should be enforced by this Court.

## **CONCLUSION**

Brashear's witness statement and testimony must be excluded from this trial.

Dated: New York, New York
July 14, 2008

SHIBOLETH LLP

*/s/ Charles B. Manuel, Jr.*
By:_____
Charles B. Manuel, Jr.
Shira Y. Rosenfeld
Kimberly B. Grotell
One Penn Plaza, Suite 2527
New York, New York 10119
Tel: 212-244-4111
Fax: 212-563-7108

*Attorneys for Defendants*

4