## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABBAS A. SHAH and LINUXOR ASSET MANAGEMENT LLC,<br><br>Defendants. | 05 CV 8091 (LAK)<br><br>ECF Case |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS STATEMENT AND TESTIMONY OF ICK-SOO PARK

Defendants Abbas A. Shah and Linuxor Asset Management LLC hereby move *in limine* to exclude the witness statement of Ik-Soo Park ("Park") submitted by plaintiff U.S. Commodity Futures Trading Commission ("CFTC"). Park's witness statement and testimony should be excluded because it is inadmissible irrelevant evidence and Park has not been identified as an expert witness.

## ARGUMENT

## POINT I

## THE NFA AUDIT IS IRRELEVANT.

Rules 401 and 402 of the Federal Rules of Evidence provide as follows:

**Article IV. Relevancy and Its Limits**

**Rule 401. Definition of "Relevant Evidence"**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

1

**Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

The Complaint alleges two specific misstatements:

32.    After the pool participants received their annual reports in August 2003, they contacted Shah and inquired about the losses. Shah verbally assured them that he would be able to recover their principal if given a few more months. On August 25, 2003, Shah sent an e-mail to the representative for the McCarthey pool participants in which he falsely represented that "we have thus far recovered more than half of the capital loss but there is a good likelihood that we will be positive as far as returns since inception are concerned." In fact, the pool had suffered further losses since the beginning of 2002 of approximately $2.5 million. Shah knew that the pool had not recouped more than half of the losses suffered in 2002, and that, in fact, the pool had suffered further losses since the beginning of 2003. By knowingly making these false statements, Shah defrauded and deceived the pool participants.

* * *

35.    In January 2004, Shah sent the McCarthey pool participants' representative an e-mail falsely representing that the value of the combined interests of the three pool participants on whose behalf he had invested was slightly in excess of $8 million as of December 31, 2003. In fact Shah knew when he sent this e-mail that the value of those interests was only approximately $3 million. By knowingly making these false statements Shah defrauded and deceived the pool participants.

Furthermore, Judge Kaplan's Order ("Order") dated February 25, 2008 states that defendants' scienter is a disputed fact as to the (1) distribution of quarterly financial reports, (2) the August 2003 e-mail, (3) the January 2004 e-mail and (5) commingling of pool participant funds.

Nothing in the Park Statement has anything to do with the issues for trial. Park did not even come into contact with defendants until March 2004, which is <u>after</u> all the events asserted

in the complaint and in the Order occurred. (Witness Statement of Ick-Soo Park ("Park Stmt.") ¶ 4.) Thus, Park cannot even attest to defendants' scienter because his interactions with them occurred after the relevant events. All Park's statement and testimony consists of is his recounting of the NFA's audit from in or about March 2004 through September 2004. (Park Stmt. ¶¶ 4-8.) Furthermore, Park's conclusory and hearsay statement of the NFA's Compliance Department findings has no bearing here either because it does not delve into the issue whether the acts where done with scienter. (*Id.* at ¶ 10.) Park's statement on its face concerning the NFA audit is totally irrelevant to the question of scienter and should be excluded as irrelevant pursuant to FRE 402 because these statements do not meet the standard of relevance set forth in FRE 401.

## POINT II

### PARK WAS NOT IDENTIFIED AS AN EXPERT WITNESS.

Furthermore, Park's determination of "estimated value" of the Funds is wholly unsupported because he was not identified as an expert witness. (Park Stmt. ¶ 9.) This point will be argued further in defendants' motion for partial findings.

## **CONCLUSION**

Ick-Soo Park's witness statement and testimony must be excluded from this trial.


Dated:  New York, New York
          July 14, 2008


SHIBOLETH LLP


Charles B. Manuel, Jr.

By:_____

Charles B. Manuel, Jr.
Shira Y. Rosenfeld
Kimberly B. Grotell
One Penn Plaza, Suite 2527
New York, New York 10119
Tel: 212-244-4111
Fax: 212-563-7108

*Attorneys for Defendants*